# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30461
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2016

Lyle W. Cayce
Clerk

RAYMOND L. FELDER,

> Plaintiff - Appellant

v.

NABORS OFFSHORE CORPORATION,

> Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-2666

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Appellant, Raymond L. Felder, (Felder) challenges the district court's order on summary judgment finding he was not a seaman and dismissing his action against his employer, Appellee Nabors Offshore Corporation (Nabors). We agree and affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30461

The summary judgment evidence revealed that Felder suffered a brain aneurism while on Nabors' Platform Rig M400 on April 22, 2014. Felder had worked for Nabors aboard various drilling structures for 12 years before this incident. More than thirty percent of his work was aboard various Nabors' vessel rigs during the course of his 12 years of employment with Nabors. His current work history with Nabors is as follows: November 18, 2012 transferred from a vessel rig (J109) to M201 Platform Rig; October 31, 2013 transferred to Platform Rig M400. So from November 18, 2012 to April 2014 when he experienced his aneurism, he had worked exclusively on platform rigs.

Felder sued Nabors under the Jones Act, contending that when his entire employment with Nabors was considered he qualified as a member of the crew of the Nabors' fleet of vessels. Nabors contended Felder's work assignment was changed in November 2012 when he was assigned only to platform rigs and we should consider his work from November 2012 until April 2014 as his relevant employment history for purposes of determining whether he was more or less permanently assigned to the Nabors fleet of vessels for purposes of determining seaman status.

Based on *Chandris, Inc. v. Latsis*[1] from the Supreme Court, the district court agreed with Nabors. As the Supreme Court stated, when "a maritime employee receives a new work assignment in which his essential duties are changed" courts should assess "the substantiality of his vessel-related work made on the basis of his activities in his new position."[2]

Appellant Felder argues he was not permanently reassigned to his duties aboard platforms during the one and one-half years before his aneurism. But no evidence was produced of any plan to reassign him and move him to a vessel

---

[1] 515 U.S. 347 (1995).

[2] *Id.* at 372.

No. 16-30461

rig. To the contrary, Felder's superintendent on the M400 Platform Rig testified that he had no intention of reassigning Felder to another position on another drilling unit. Felder argued that depending on Nabors' need for his services on another rig he could have been transferred to another vessel rig. A possible future transfer, however, was not anticipated and any transfer to a vessel rig was speculative.

For these reasons and the reasons assigned by the district court in its careful opinion, we AFFIRM its judgment.